# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: E.DIGITAL CASES | Case nos.<br><br>12cv2696-DMS (WVG)<br>12cv2698-DMS (WVG)<br>12cv2701-DMS (WVG)<br>12cv2825-DMS (WVG)<br>12cv2877-DMS (WVG)<br>12cv2891-DMS (WVG)<br>12cv2899-DMS (WVG)<br>12cv2997-DMS (WVG)<br>13cv0023-DMS (WVG)<br>13cv0112-DMS (WVG)<br>13cv0356-DMS (WVG)<br>13cv0780-DMS (WVG)<br>13cv0781-DMS (WVG)<br>13cv0782-DMS (WVG)<br>13cv0783-DMS (WVG)<br>13cv0785-DMS (WVG)<br><br>**ORDER AFTER CASE MANAGEMENT CONFERENCE** |

On May 29, 2013, the captioned cases came on for a joint initial telephonic case management conference as provided in the Order Setting Initial Conference, filed May 6, 2013. Anton Handal appeared on behalf of Plaintiff e.Digital Corporation. Randall Kay appeared on behalf of Defendant SanDisk Corporation in case no. 12cv2698. Edward Johnson appeared on behalf of Defendant Philips Electronics North America Corporation in case no. 12cv2701. Steven Garlock appeared on behalf of Defendants DPI, Inc. and GPX, Inc. in case no. 12cv2825. Wes Billingsley appeared on behalf of

- 1 -

Defendant Mach Speed Technologies, LLC and all other Defendants named in case no. 12cv2877. John Mancini appeared on behalf of Defendants Osram Sylvania, Inc. and Curtis International Ltd. in case no. 12cv2891. Carolyn Chang appeared on behalf of Defendant Woodman Labs, Inc. in case no. 12cv2899. James Pak appeared on behalf of Defendant Pantech Wireless, Inc. and all other Defendants named in case no. 13cv0023. James DeCarlo appeared on behalf of Defendant FUJIFILM Corporation in case no. 13cv112, and on behalf of Defendant Apple, Inc. in case no. 13cv785. Joseph Casino appeared on behalf of Defendant JVC Americas Corp. in case no. 13cv356. Stefani E. Shanberg appeared on behalf of Defendant Motorola Mobility LLC in case no. 13cv780. Fabio Marino appeared on behalf of Defendants Research in Motion Limited dba Blackberry, Research in Motion Corporation, Verizon Communications, Inc., T-Mobile USA, Inc. and AT&T Mobility, LLC in case no. 13cv781. In the same case, Mark McGrory appeared in behalf of Defendants Sprint Nextel Corporation, Spring Spectrum L.P., Nextel Operations, Inc. and Virgin Mobile USA L.P. Barry Graham appeared on behalf of Defendant ZTE Corporation and all other Defendants named in case no. 13cv782. Jose Patino appeared on behalf of Defendants Futurewei Technologies, Inc. dba Huawei Technologies (USA) and Huawei Device USA, Inc. in case no. 13cv783. After consulting with counsel, and for good cause appearing, **IT IS HEREBY ORDERED:**

1. Multiple patent infringement actions were filed in this District by Plaintiff e.Digital Corporation ("e.Digital") asserting infringement of United States Patent 5,491,744 ('744 Patent), 5,742,737 ('737 Patent), 5,842,170 ('170 Patent), and 5,839,108 ('108 Patent) against over fifty Defendants. Fourteen actions remain pending. These cases have been low numbered to this District Judge and Magistrate Judge William Gallo pursuant to Civil Local Rule 40.1(d). The Court finds these cases will be most efficiently managed by coordinating them for purposes of initial infringement and invalidity contentions and claim construction. Therefore, these cases are deemed consolidated for discovery and claim construction purposes. Except as stated below, the parties shall follow the Federal Rules of Civil Procedure, Civil Local Rules and Patent Local Rules of this District, and the Civil Pretrial & Trial Procedures of this Court.

2. For each separately filed action, Defendants shall designate lead counsel to represent all Defendants in that action for purposes of communicating with the Court and coordinating the

communications and preparation of the initial invalidity contentions and claim construction submissions with the lead counsel representatives from the other actions.

3. Any motion to sever or stay a case as to retailer or customer Defendants shall be filed no later than **June 7, 2013**. All Defendants intending to bring the motion shall jointly file an omnibus memorandum of points and authorities. No later than **June 14, 2013**, Plaintiff shall file and serve any opposition papers. No later than **June 21, 2013**, Defendants shall file an omnibus reply brief. Upon filing the foregoing and unless otherwise ordered by the Court, the motion shall be deemed submitted.

4. All Defendants whose response to the complaint pursuant to Federal Rule of Civil Procedure 12 was due on or before May 29, 2013, and who have not yet filed a response, shall file and serve it no later than **June 12, 2013**. In case no. 12cv2543, Defendant DPI, Inc. shall file and serve a response no later than **June 12, 2013**. In case no. 2899, Defendant Woodman Labs, Inc.'s response to the first amended complaint shall be filed and served as provided in the order granting joint motion to file the first amended complaint.

5. To the extent any Defendants desire to file motions based on failure to state a claim for direct or indirect infringement, they must first file answers. Defendants may raise this issue in a motion under Federal Rule of Civil Procedure 12(c) within seven (7) calendar days after the service of infringement contentions by Plaintiff, if any Defendant believes the contentions fail to demonstrate a plausible claim of infringement, direct or indirect. To the extent any Defendants intend to seek dismissal for failure to state a claim for willful infringement, they may not present the issue in a Rule 12(b)(6) motion, but may present it in a Rule 12(c) or 56 motion after the claim construction ruling.

6. Defendants shall file their collateral estoppel motion no later than **June 19, 2013**. All Defendants intending to bring the motion shall jointly file the motion with an omnibus memorandum of points and authorities. No later than **July 3, 2013**, Plaintiffs shall file and serve any opposition papers. No later than **July 17, 2013**, Defendants shall file an omnibus reply brief. The motion is set for hearing on **July 26, 2013 at 1:30 p.m.**

7. No later than **June 26, 2013**, Plaintiff shall separately serve on all parties a disclosure of asserted claims and preliminary infringement contentions pursuant to Patent L.R. 3.1 and produce documents as required by Patent L.R. 3.2. Plaintiff is directed to select no more than five (5) claims

from each patent to assert against all Defendants for a maximum of twenty (20) claims. Plaintiff may assert additional claims at this time only with leave of Court. In addition, for each manufacturer Defendant in each case, Plaintiff is directed to provide a list of each product or process Plaintiff contends infringes its patents. Plaintiff's initial infringement contentions, prepared in accordance with the format set forth in the local rules, shall consist of one representative product and/or process for each of the five selected claims of each patent asserted against that Defendant. If Plaintiff asserts indirect infringement (contributory or inducement) by a Defendant, Plaintiff shall provide as part of the initial infringement contentions an example of how the Defendant indirectly infringes, including the identity of the direct infringer and factual basis for the Defendant's intent.

8. Plaintiff may provide infringement contentions for additional accused products and/or processes following the issuance of the claim construction order as provided in Patent L.R. 3.6(a).

9. Discovery shall be phased. Pending the claim construction hearing, discovery shall be limited to claim construction issues.

10. To the extent they have not yet done so, no later than **July 8, 2013**, the parties shall comply with the initial disclosure requirements of Federal Rule of Civil Procedure 26(a)(1). The parties may stipulate to limit the scope of disclosures to issues relevant to claim construction and defer remaining disclosures until after the issuance of the claim construction order.

11. The Court enters a joint defense agreement for purposes of preparing initial invalidity contentions and claim construction submissions. Defendants' communications and draft materials for the preparation of these submissions are deemed confidential and not subject to discovery.

12. No later than **August 26, 2013**, Defendants shall serve invalidity contentions pursuant to Patent L.R. 3.3 and produce documents as required by Patent L.R. 3.4. Defendants shall jointly provide a list of prior art they contend individually or in combination invalidates the patents at issue. Defendants shall jointly serve one set of initial invalidity contentions on Plaintiff in accordance with the format set forth in the local rules. The contentions shall be directed at the claims Plaintiff selects for its infringement contentions. Defendants' production of information pursuant to Local Rule 3.4(a), setting forth the technical specifications and other information for their accused products and/or process is limited to the product and/or process identified in Plaintiff's initial infringement contentions.

Defendants' contentions shall include all, if any, prior art they contend invalidates a claim based on anticipation. Defendants shall include no more than five separate prior art combinations they contend invalidate based on obviousness. For the latter purpose, Defendants may assert additional prior art references or combinations at this time only with leave of Court.

13. Defendants may assert additional invalidity contentions following issuance of the claim construction order as provided in Patent L.R. 3.6(b).

14. On or before **September 16, 2013**, the parties shall exchange preliminary claim constructions pursuant to Patent L.R. 4.1(a) and identify extrinsic evidence as required by Patent L.R. 4.1(b). On or before **October 7, 2013**, the parties shall exchange responsive claim constructions pursuant to Patent L.R. 4.1(c) and identify extrinsic evidence as required by Patent L.R. 4.1(d). In the interests of efficiency and reducing the cost of litigation, Defendants are encouraged to provide an omnibus preliminary claim construction and an omnibus response to Plaintiff.

15. On or before **November 18, 2013**, the parties shall complete and file a joint claim construction chart, joint claim construction worksheet, and joint hearing statement pursuant to Patent L.R. 4.2.

16. The due date to serve, as of right, amended infringement contentions is **November 18, 2013**. *See* Patent L.R. 3.6(a). However, adding claims or accused products and/or processes shall require leave of Court upon a showing of good cause, which leave must be secured prior to the due date.

17. All discovery intended for use in the claim construction hearing must be completed no later than **December 23, 2013**. *See* Patent L.R. 4.3.

18. The due date to serve, as of right, amended invalidity contentions is **December 23, 2013**. *See* Patent L.R. 3.6(b). However, adding prior art references or combinations Defendants contend invalidate based on obviousness shall require leave of Court upon a showing of good cause, which leave must be secured prior to the due date.

19. Plaintiff and the designated lead Defendants' counsel for each case shall meet and confer and select no more than ten (10) claim terms or phrases from each patent for construction. Defendants shall file one omnibus claim construction brief and response. No later than **January 28, 2014**, the parties shall simultaneously file their opening claim construction briefs. *See* Patent L.R. 4.4(a). No later

1 than **February 11, 2014**, the parties shall simultaneously file their responsive claim construction briefs. *See* Patent L.R. 4.4(b). Each side's opening and responsive brief shall cover all the claim terms sought to be construed and shall not exceed 35 pages in length.

20. On **February 14, 2014 at 1:30 p.m.** the Court will hold a joint telephonic conference to discuss the parties' intended presentations at the claim construction hearing, including any tutorial and testimony.

21. The claim construction hearing will be held on **March 11 and 12, 2014 at 9:00 a.m.** *See* Patent L.R. 4.5. The Court shall hold a joint case management conference at the end of the claim construction hearing. Counsel shall come prepared to discuss trial dates and case management dates leading up to trial.

22. In their Joint Rule 26(f) Statement and Discovery Plan, the parties request leave to modify discovery limitations by consent of all parties without requiring express authorization from the Court (p. 17). The parties are granted leave to do so, with the exception of any Court filing and hearing dates.

**IT IS SO ORDERED.**

DATED: May 30, 2013

HON. DANA M. SABRAW
United States District Judge