STEFANI E. SHANBERG (State Bar No. 206717)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California  94105
Telephone:  (415) 947-2000
Facsimile:   (415) 947-2099
E-Mail:      sshanberg@wsgr.com

NATALIE J. MORGAN (State Bar No. 211143)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
12235 El Camino Real, Suite 200
San Diego, California  92130
Telephone:  (858) 350-2300
Facsimile:   (866) 974-7329
E-Mail:      nmorgan@wsgr.com

Attorneys for Defendant
Motorola Mobility LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.DIGITAL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>MOTOROLA MOBILITY LLC,<br><br>Defendant. | Case No. 3:13-cv-00780-DMS-WVG<br><br>**MOTOROLA MOBILITY LLC'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO E.DIGITAL CORPORATION'S COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Motorola Mobility LLC ("Motorola") hereby answers Plaintiff e.Digital Corporation's ("e.Digital") Complaint for Patent Infringement and Demand for Jury Trial ("Complaint"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

## NATURE OF THE ACTION

1.     Motorola admits that the Complaint purports to state a cause of action arising under the patent laws of the United States, Title 35 of the United States Code, and that e.Digital purports to seek a preliminary and permanent injunction and monetary damages for the alleged infringement of U.S. Patent Nos. 5,742,737; 5,491,774; 5,839,108; and 5,842,170.  Motorola denies any remaining allegations contained in paragraph 1 of the Complaint.  Motorola specifically denies all allegations of patent infringement.

## JURISDICTION AND VENUE

2.     Motorola admits that this Court has subject matter jurisdiction over this case for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.     For the purpose of this action only, Motorola admits that venue is proper in the Southern District of California pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).  Motorola lacks knowledge or information sufficient to form a belief as to the truth of allegations that "Plaintiff e.Digital is headquartered and has its principle place of business in this district, engages in business in this district," and on that basis denies such allegations.  Motorola denies any remaining allegations contained in paragraph 3 of the Complaint.  Motorola specifically denies all allegations of patent infringement.

4.     For the purpose of this action only, Motorola does not contest personal jurisdiction in the Southern District of California.  Motorola denies any remaining allegations contained in paragraph 4 of the Complaint.  Motorola specifically denies all allegations of patent infringement.

/ / /

13cv00780

**PARTIES**

5.      Motorola lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and on that basis denies them.

6.      Motorola admits that it is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois, 60048.  Motorola denies any remaining allegations contained in paragraph 6 of the Complaint.

**THE ASSERTED PATENTS**

7.      Motorola admits that Exhibit A to the Complaint purports to be a copy of U.S. Patent No. 5,742,737 ("the '737 patent").  Motorola further admits that, on its face, the '737 patent is entitled "Method for Recording Voice Messages on Flash Memory in a Hand Held Recorder," has an issue date of April 21, 1998, and lists Norbert P. Daberko, Richard K. Davis, and Richard D. Bridgewater as named inventors.  Motorola lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint, and on that basis denies them.

8.      Motorola admits that Exhibit B to the Complaint purports to be a copy of a Reexamination Certificate for the '737 patent and that, on its face, the Reexamination Certificate has an issue date of October 17, 2012.  Motorola lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint, and on that basis denies them.

9.      Motorola admits that Exhibit C to the Complaint purports to be a copy of U.S. Patent No. 5,491,774 ("the '774 patent").  Motorola further admits that, on its face, the '774 patent is entitled "Handheld Record and Playback Device With Flash Memory," has an issue date of February 13, 1996, and lists Elwood G. Norris, Norbert P. Daberko, and Steven T. Brightbill as named inventors.  Motorola lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint, and on that basis denies them.

10.     Motorola admits that Exhibit D to the Complaint purports to be a copy of a Reexamination Certificate for the '774 patent and that, on its face, the Reexamination Certificate has an issue date of August 14, 2012.  Motorola lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Complaint, and on that basis denies them.

11.     Motorola admits that Exhibit E to the Complaint purports to be a copy of U.S. Patent No. 5,839,108 ("the '108 patent").  Motorola further admits that, on its face, the '108 patent is entitled "Flash Memory File System in a Handheld Record and Playback Device," has an issue date of November 17, 1998, and lists Norbert P. Daberko and Richard K. Davis as named inventors.  Motorola lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint, and on that basis denies them.

12.     Motorola admits that Exhibit F to the Complaint purports to be a copy of U.S. Patent No. 5,842,170 ("the '170 patent").  Motorola further admits that, on its face, the '170 patent is entitled "Method for Editing in Hand Held Recorder," has an issue date of November 24, 1998, and lists Norbert P. Daberko, Richard K. Davis, and Richard D. Bridgewater as named inventors.  Motorola lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint, and on that basis denies them.

/ / /

/ / /

/ / /

/ / /

**ANSWER TO COUNT ONE:**

**ALLEGED INFRINGEMENT OF THE '737 PATENT**

13.     Motorola incorporates and realleges paragraphs 1-12 of its Answer as if fully set forth herein in response to the allegations contained in paragraph 13 of the Complaint.

14.     Motorola denies the allegations contained in paragraph 14 of the Complaint.

15.     Motorola denies the allegations contained in paragraph 15 of the Complaint.

16.     Motorola admits that the Complaint purports to allege that the "accused products for purposes of the '737 patent include but are not limited to Motorola smartphones including, but not limited to, the Razr, Razr Maxx, Razr M, Razr HD, Razr Maxx HD, Razr M Developer Edition, Razr HD Developer Edition, Droid 4, Photon Q 4G LTE, Photon 4G, Admiral, ES400S, Electrify 2, Electrify M, Electrify, Defy XT, Atrix HD Developer Edition, Atrix HD, Atrix 2, Triumph, i867, Titanium, and the XT 886; and certain Motorola mobile phones including, but not limited to, the Quantico and the Brute i686."   Motorola denies any remaining allegations contained in paragraph 16 of the Complaint.   Motorola specifically denies all allegations of patent infringement.

17.     Motorola denies the allegations contained in paragraph 17 of the Complaint.

18.     Motorola denies the allegations contained in paragraph 18 of the Complaint.

19.     Motorola denies the allegations contained in paragraph 19 of the Complaint.

20.     Motorola denies the allegations contained in paragraph 20 of the Complaint.

/ / /

13cv00780

21.     Motorola denies the allegations contained in paragraph 21 of the Complaint.

22.     Motorola denies the allegations contained in paragraph 22 of the Complaint.

**ANSWER TO COUNT TWO:**

**ALLEGED INFRINGEMENT OF THE '774 PATENT**

23.     Motorola incorporates and realleges paragraphs 1-12 of its Answer as if fully set forth herein in response to the allegations contained in paragraph 23 of the Complaint.

24.     Motorola denies the allegations contained in paragraph 24 of the Complaint.

25.     Motorola denies the allegations contained in paragraph 25 of the Complaint.

26.     Motorola admits that the Complaint purports to allege that the "accused products for purposes of the '774 patent include but are not limited to Motorola smartphones including, but not limited to, the Razr, Razr Maxx, Razr M, Razr HD, Razr Maxx HD, Razr M Developer Edition, Razr HD Developer Edition, Droid 4, Photon Q 4G LTE, Photon 4G, Admiral, ES400S, Electrify 2, Electrify M, Electrify, Defy XT, Atrix HD Developer Edition, Atrix HD, Atrix 2, Triumph, i867, Titanium, and the XT 886; and certain Motorola mobile phones including, but not limited to, the Brute i686." Motorola denies any remaining allegations contained in paragraph 26 of the Complaint.   Motorola specifically denies all allegations of patent infringement.

27.     Motorola denies the allegations contained in paragraph 27 of the Complaint.

28.     Motorola denies the allegations contained in paragraph 28 of the Complaint.

/ / /

13cv00780

1    29.    Motorola denies the allegations contained in paragraph 29 of the

2    Complaint.

3    30.    Motorola denies the allegations contained in paragraph 30 of the

4    Complaint.

5    31.    Motorola denies the allegations contained in paragraph 31 of the

6    Complaint.

7    32.    Motorola denies the allegations contained in paragraph 32 of the

8    Complaint.

9                          **ANSWER TO COUNT THREE:**

10                **ALLEGED INFRINGEMENT OF THE '108 PATENT**

11    33.    Motorola incorporates and realleges paragraphs 1-12 of its Answer as if

12    fully set forth herein in response to the allegations contained in paragraph 33 of the

13    Complaint.

14    34.    Motorola denies the allegations contained in paragraph 34 of the

15    Complaint.

16    35.    Motorola denies the allegations contained in paragraph 35 of the

17    Complaint.

18    36.    Paragraph 36 of the Complaint does not state any allegation against

19    Motorola to which a response is required.  To the extent that Paragraph 36 of the

20    Complaint states any allegations, Motorola lacks knowledge or belief sufficient to

21    form a belief as to the truth of such allegations, and on that basis denies them.

22    Motorola specifically denies all allegations of patent infringement.

23    37.    Motorola denies the allegations contained in paragraph 37 of the

24    Complaint.

25    38.    Motorola denies the allegations contained in paragraph 38 of the

26    Complaint.

27    39.    Motorola denies the allegations contained in paragraph 39 of the

28    Complaint.

40.     Motorola denies the allegations contained in paragraph 40 of the Complaint.

41.     Motorola denies the allegations contained in paragraph 41 of the Complaint.

42.     Motorola denies the allegations contained in paragraph 42 of the Complaint.

**ANSWER TO COUNT FOUR:**

**ALLEGED INFRINGEMENT OF THE '170 PATENT**

43.     Motorola incorporates and realleges paragraphs 1-12 of its Answer as if fully set forth herein in response to the allegations contained in paragraph 43 of the Complaint.

44.     Motorola denies the allegations contained in paragraph 44 of the Complaint.

45.     Motorola denies the allegations contained in paragraph 45 of the Complaint.

46.     Motorola admits that the Complaint purports to allege that the "accused products for purposes of the '170 patent include but are not limited to Motorola smartphones including, but not limited to, the Razr, Razr Maxx, Razr M, Razr HD, Razr Maxx HD, Razr M Developer Edition, Razr HD Developer Edition, Droid 4, Photon 4G, ES400S, Electrify 2, Electrify M, Atrix HD Developer Edition, Atrix HD, Atrix 2, i867, Titanium, and the XT 886; and certain Motorola mobile phones including, but not limited to, the Brute i686."   Motorola denies any remaining allegations contained in paragraph 46 of the Complaint.   Motorola specifically denies all allegations of patent infringement.

47.     Motorola denies the allegations contained in paragraph 47 of the Complaint.

48.     Motorola denies the allegations contained in paragraph 48 of the Complaint.

49.     Motorola denies the allegations contained in paragraph 49 of the Complaint.

50.     Motorola denies the allegations contained in paragraph 50 of the Complaint.

51.     Motorola denies the allegations contained in paragraph 51 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

Paragraphs 1-7 set forth the statement of relief requested by e.Digital to which no response is required.  To the extent a response is required, Motorola denies any and all allegations contained in the remainder of the Complaint and denies that e.Digital is entitled to any of the relief requested in paragraphs 1-7 of its prayer for relief or to any other relief in any form whatsoever.  Motorola specifically denies all allegations of patent infringement and further denies each and every allegation contained in the Complaint to which it has not specifically responded.

## PLAINTIFF'S DEMAND FOR A JURY TRIAL

e.Digital's demand for a jury trial does not state any allegation against Motorola to which a response is required.  To the extent that any allegations are included in the demand, Motorola denies such allegations.

## GENERAL DENIAL AND AFFIRMATIVE DEFENSES

Motorola specifically denies all allegations of patent infringement and further denies each and every allegation contained in the Complaint to which it has not specifically responded.  Subject to the foregoing responses, Motorola alleges and asserts the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the defenses described below, and subject to its responses above, Motorola specifically reserves all rights to allege additional defenses under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any

13CV00780

other defenses, at law or in equity, that become known through the course of discovery.

### FIRST DEFENSE – FAILURE TO STATE A CLAIM

e.Digital's Complaint fails to state a claim, including without limitation a claim for contributory infringement, inducement, and/or willful infringement, upon which relief may be granted.

### SECOND DEFENSE – NONINFRINGEMENT

Motorola has not infringed and does not infringe (directly, contributorily, or by inducement) and is not liable for infringement of any valid and enforceable claim of the '737, '774, '108, and/or '170 patents.

### THIRD DEFENSE – INVALIDITY

The claims of the '737, '774, '108, and/or '170 patents are invalid and unenforceable for failure to comply with one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

By reason of proceedings in the United States Patent and Trademark Office, and by reasons of amendments, disclaimers, disavowals, admissions, representations, arguments, and/or statements made by the applicants or on their behalf, e.Digital is estopped from construing the claims of the '737, '774, '108, and/or '170 patents to cover and/or include any acts of Motorola.

### FIFTH DEFENSE – LIMITATION ON DAMAGES

e.Digital's claims for damages, if any, against Motorola for the alleged infringement of the '737, '774, '108, and/or '170 patents are limited by 35 U.S.C. §§ 286, 287, and/or 288.

### SIXTH DEFENSE – LACHES, ESTOPPEL, AND/OR WAIVER

e.Digital's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, and/or waiver.

13CV00780

## SEVENTH DEFENSE – SUBSTANTIAL NONINFRINGING USES

The allegedly infringing Motorola products have substantial uses that do not infringe, and do not induce or contribute to the alleged infringement of, the claims of the '737, '774, '108, and/or '170 patents.

## EIGTH DEFENSE – EQUITABLE AND INJUNCTIVE RELIEF IMPROPER

e.Digital has failed to state facts and/or a legal basis sufficient to permit the Court to grant equitable or injunctive relief against Motorola.

## NINTH DEFENSE – INTERVENING RIGHTS

e.Digital's claims for relief are barred in whole or in part under the doctrines of absolute and/or equitable intervening rights.

## TENTH DEFENSE – ISSUE PRECLUSION

e.Digital is precluded from re-litigating any issue on which there was a finding adverse to it in any prior litigation.

## COUNTERCLAIMS

Defendant Motorola Mobility LLC ("Motorola") hereby alleges for its Counterclaims against Plaintiff e.Digital Corporation ("e.Digital"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

## PARTIES

1.     Motorola is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048.

2.     Upon information and belief, and based upon e.Digital's allegation in paragraph 5 of its Complaint, e.Digital is a Delaware corporation with its headquarters and principal place of business at 16870 West Bernardo Drive, Suite 120, San Diego, California 92127.

/ / /

/ / /

**JURISDICTION AND VENUE**

3.     This is an action arising under the Declaratory Judgment Act, codified at Title 28, United States Code §§ 2201 and 2202, and the Patent Laws of the United States, codified at Title 35, United States Code § 101, *et seq.*  Accordingly, subject to Motorola's defenses and denials, this Court has subject matter jurisdiction over these Counterclaims under at least 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

4.     An actual, substantial, and continuing justiciable controversy exists between Motorola and e.Digital with respect to which Motorola requires a declaration of its rights by this Court.  Specifically, the controversy relates to the invalidity, unenforceability, and noninfringement of U.S. Patent Nos. 5,742,737 ("the '737 patent"); 5,491,774 ("the '774 patent"); 5,839,108 ("the '108 patent); and 5,842,170 ("the '170 patent"), and to e.Digital's right to threaten and/or maintain a suit for alleged infringement of said patents.

5.     This Court has personal jurisdiction over e.Digital because, among other things, it has consented to jurisdiction by filing its Complaint, and because e.Digital alleges in paragraph 5 of its Complaint that its headquarters and principal place of business are located in San Diego, California.

6.     Venue for these particular Counterclaims is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

**COUNT ONE:**

**DECLARATION OF NONINFRINGEMENT OF THE '737 PATENT**

7.     Motorola realleges and incorporates by reference the allegations of paragraphs 1-6 of its Counterclaims as though fully set forth herein.

8.     This is an action for declaratory judgment of noninfringement of any and all valid and enforceable claims of the '737 patent.

9.     e.Digital alleges that Motorola has and continues to infringe directly, induce infringement of, and/or contribute to the infringement of one or more claims of the '737 patent.

10.   Motorola has not infringed and does not infringe (directly, contributorily, or by inducement) and is not liable for infringement of any valid and enforceable claim of the '737 patent.

11.   An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Motorola and e.Digital as to whether Motorola has infringed or infringes any valid and enforceable claim of the '737 patent.

12.   Motorola is entitled to a declaratory judgment that it has not and does not infringe any valid and enforceable claim of the '737 patent.  Such a declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## COUNT TWO:

## DECLARATION OF INVALIDITY OF THE '737 PATENT

13.   Motorola realleges and incorporates by reference the allegations of paragraphs 1-12 of its Counterclaims as through fully set forth herein.

14.   This is an action for declaratory judgment of invalidity and unenforceability of any and all claims of the '737 patent.

15.   e.Digital alleges that Motorola has and continues to infringe directly, induce infringement of, and/or contribute to the infringement of one or more claims of the '737 patent.

16.   The '737 patent, and each claim thereof, is invalid and unenforceable for failure to comply with one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

17.   An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Motorola and e.Digital as to whether there exists any valid and enforceable claim of the '737 patent.

18.   Motorola is entitled to a declaratory judgment that the '737 patent, and each claim thereof, is invalid and unenforceable.  Such a declaration is necessary

/ / /

and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

### COUNT THREE:

### DECLARATION OF NONINFRINGEMENT OF THE '774 PATENT

19.     Motorola realleges and incorporates by reference the allegations of paragraphs 1-18 of its Counterclaims as though fully set forth herein.

20.     This is an action for declaratory judgment of noninfringement of any and all valid and enforceable claims of the '774 patent.

21.     e.Digital alleges that Motorola has and continues to infringe directly, induce infringement of, and/or contribute to the infringement of one or more claims of the '774 patent.

22.     Motorola has not infringed and does not infringe (directly, contributorily, or by inducement) and is not liable for infringement of any valid and enforceable claim of the '774 patent.

23.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Motorola and e.Digital as to whether Motorola has infringed or infringes any valid and enforceable claim of the '774 patent.

24.     Motorola is entitled to a declaratory judgment that it has not and does not infringe any valid and enforceable claim of the '774 patent.  Such a declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

### COUNT FOUR:

### DECLARATION OF INVALIDITY OF THE '774 PATENT

25.     Motorola realleges and incorporates by reference the allegations of paragraphs 1-24 of its Counterclaims as though fully set forth herein.

26.     This is an action for declaratory judgment of invalidity and unenforceability of any and all claims of the '774 patent.

/ / /

27.     e.Digital alleges that Motorola has and continues to infringe directly, induce infringement of, and/or contribute to the infringement of one or more claims of the '774 patent.

28.     The '774 patent, and each claim thereof, is invalid and unenforceable for failure to comply with one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

29.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Motorola and e.Digital as to whether there exists any valid and enforceable claim of the '774 patent.

30.     Motorola is entitled to a declaratory judgment that the '774 patent, and each claim thereof, is invalid and unenforceable.  Such a declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

**COUNT FIVE:**

**DECLARATION OF NONINFRINGEMENT OF THE '108 PATENT**

31.     Motorola realleges and incorporates by reference the allegations of paragraphs 1-30 of its Counterclaims as though fully set forth herein.

32.     This is an action for declaratory judgment of noninfringement of any and all valid and enforceable claims of the '108 patent.

33.     e.Digital alleges that Motorola has and continues to infringe directly, induce infringement of, and/or contribute to the infringement of one or more claims of the '108 patent.

34.     Motorola has not infringed and does not infringe (directly, contributorily, or by inducement) and is not liable for infringement of any valid and enforceable claim of the '108 patent.

35.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Motorola and e.Digital as to whether Motorola has infringed or infringes any valid and enforceable claim of the '108 patent.

36.     Motorola is entitled to a declaratory judgment that it has not and does not infringe any valid and enforceable claim of the '108 patent.  Such a declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

**COUNT SIX:**

**DECLARATION OF INVALIDITY OF THE '108 PATENT**

37.     Motorola realleges and incorporates by reference the allegations of paragraphs 1-36 of its Counterclaims as through fully set forth herein.

38.     This is an action for declaratory judgment of invalidity and unenforceability of any and all claims of the '108 patent.

39.     e.Digital alleges that Motorola has and continues to infringe directly, induce infringement of, and/or contribute to the infringement of one or more claims of the '108 patent.

40.     The '108 patent, and each claim thereof, is invalid and unenforceable for failure to comply with one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

41.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Motorola and e.Digital as to whether there exists any valid and enforceable claim of the '108 patent.

42.     Motorola is entitled to a declaratory judgment that the '108 patent, and each claim thereof, is invalid and unenforceable.  Such a declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

**COUNT SEVEN:**

**DECLARATION OF NONINFRINGEMENT OF THE '170 PATENT**

43.     Motorola realleges and incorporates by reference the allegations of paragraphs 1-42 of its Counterclaims as though fully set forth herein.

/ / /

44.    This is an action for declaratory judgment of noninfringement of any and all valid and enforceable claims of the '170 patent.

45.    e.Digital alleges that Motorola has and continues to infringe directly, induce infringement of, and/or contribute to the infringement of one or more claims of the '170 patent.

46.    Motorola has not infringed and does not infringe (directly, contributorily, or by inducement) and is not liable for infringement of any valid and enforceable claim of the '170 patent.

47.    An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Motorola and e.Digital as to whether Motorola has infringed or infringes any valid and enforceable claim of the '170 patent.

48.    Motorola is entitled to a declaratory judgment that it has not and does not infringe any valid and enforceable claim of the '170 patent.  Such a declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

### COUNT EIGHT:

### <u>DECLARATION OF INVALIDITY OF THE '170 PATENT</u>

49.    Motorola realleges and incorporates by reference the allegations of paragraphs 1-48 of its Counterclaims as though fully set forth herein.

50.    This is an action for declaratory judgment of invalidity and unenforceability of any and all claims of the '170 patent.

51.    e.Digital alleges that Motorola has and continues to infringe directly, induce infringement of, and/or contribute to the infringement of one or more claims of the '170 patent.

52.    The '170 patent, and each claim thereof, is invalid and unenforceable for failure to comply with one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

/ / /

53.    An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Motorola and e.Digital as to whether there exists any valid and enforceable claim of the '170 patent.

54.    Motorola is entitled to a declaratory judgment that the '170 patent, and each claim thereof, is invalid and unenforceable.  Such a declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## EXCEPTIONAL CASE

55.    On information and belief, this is an exceptional case entitling Motorola to an award of its attorney's fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285 as a result of, *inter alia*, e.Digital's assertion of the '737, '774, '108, and/or '170 patents against Motorola with the knowledge that Motorola does not infringe any valid claim of said patents, and/or that said patents are invalid.

## DEMAND FOR JURY TRIAL

56.    Pursuant to Federal Rule of Civil Procedure 38(b), Motorola demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Motorola requests the following relief:

(a)    A judgment in favor of Motorola denying e.Digital all relief requested and dismissing e.Digital's Complaint with prejudice;

(b)    A declaration that Motorola does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '737, '774, '108, and/or '170 patents;

(c)    A declaration that the claims of the '737, '774, '108, and/or '170 patents are invalid and unenforceable;

/ / /

/ / /

(d)     A declaration that this case is exceptional and an award to Motorola of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

(e)     A judgment enjoining e.Digital, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '737, '774, '108, and/or '170 patents against Motorola or any parents, affiliates, or subsidiaries of Motorola or their respective officers, agents, employees, successors, and assigns; and

(f)     Such other relief, in law and in equity, as the Court deems appropriate.


Dated:  June 12, 2013                       WILSON SONSINI GOODRICH & ROSATI
                                            Professional Corporation


                                            By: _____/s/ *Stefani E. Shanberg*_____
                                                        Stefani E. Shanberg

                                            Attorneys for Defendant
                                            Motorola Mobility LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2013, Motorola Mobility LLC's Answer, Defenses, and Counterclaims to e.Digital Corporation's Complaint for Patent Infringement was filed electronically using the Court's CM/ECF system.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by first class mail to anyone unable to accept electronic filing, as indicated on the Notice of Electronic Filing

_____ /s/ *Robert Brown* _____
Robert Brown
